**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Victor Javier Sandoval Ramos,<br><br>Petitioner,<br><br>v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>Respondent. | No. 21-25<br><br>Agency No.   A204-387-155<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2023**
Pasadena, California

Before: PAEZ, CHRISTEN, MILLER, Circuit Judges.

Petitioner Victor Javier Sandoval Ramos, a native and citizen of Mexico, petitions for review of the denial of his application for asylum and withholding of removal. An immigration judge (IJ) denied petitioner's application, and the Board of Immigration Appeals (BIA) dismissed his appeal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we dismiss the petition in part and

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

deny the petition in part. Because the parties are familiar with the facts, we do not recite them here.

We review the denial of asylum and withholding of removal for substantial evidence, and "must uphold the agency determination unless the evidence compels a contrary decision." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

To the extent petitioner contends that the agency failed to consider his age when evaluating whether he faced past persecution or has a well-founded fear of future persecution, we lack jurisdiction to consider this challenge because it was not exhausted before the agency. *See* 8 U.S.C. § 1252(d)(1); *Iraheta-Martinez v. Garland*, 12 F.4th 942, 948 (9th Cir. 2021) (stating that the failure to exhaust a claim, absent an exception, deprives this court of jurisdiction to consider the issue).

To the extent petitioner challenges the agency's other grounds for denying asylum and withholding of removal, the decisions are supported by substantial evidence. *See Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020) ("An applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal."). Petitioner bears the burden of proving eligibility for asylum and must demonstrate that he has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See id.* at 1141–42; 8 U.S.C.

21-25

§ 1101(a)(42). Substantial evidence supports the agency's determination that petitioner failed to show that he suffered past persecution because he did not allege any incidents in which he was the victim of a threat or physical mistreatment. It is not clear that petitioner witnessed, or was otherwise aware of, cartel members' threats to his mother. Substantial evidence also supports the agency's determination that petitioner did not establish a well-founded fear of future persecution on account of his membership in his family because many years have passed since petitioner's mother left Mexico after being threatened, and a number of petitioner's family members continue to reside safely in Mexico. The record does not compel reversal of the agency's conclusion that it was "speculative" to infer that petitioner's cousin and aunt were murdered on account of their membership in their family.

**PETITION DISMISSED IN PART and DENIED IN PART.**[1]

---

[1] Petitioner's motion for a stay of removal (Dkt. No. 3) is DENIED.